The Honorable Tom Sawyer State Representative, 95th District House Minority Leader 1116 Dayton Wichita, Kansas 67213
Dear Representative Sawyer:
As House Minority Leader, you request our legal opinion regarding application of the Kansas open meetings act (KOMA) to legislative conference committees. More specifically your inquiry concerns what kind of notice of such meetings is required under the KOMA.
Certainly the KOMA applies to legislative conference committees. K.S.A. 75-4318(a) states in pertinent part:
 "Except as otherwise provided by state or federal law or by rules of the house or senate, and except with respect to any impeachment inquiry or other impeachment matter referred to any committee of the house of representatives prior to the report of such committee to the full house of representatives, all meetings for the conduct of the affairs of, and the transaction of business by, all legislative and administrative bodies and agencies of the state and political and taxing subdivisions thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof, receiving or expending and supported in whole or in part by public funds shall be open to the public and no binding action by such bodies shall be by secret ballot."
Further, rule 3(d) of the Joint Rules of the Senate and House of Representatives (1993-1994) states in part: "All meetings of conference committees shall be open to the public and no meeting shall be adjourned to another time or place in order to subvert such policy." In Attorney General Opinion No. 82-141, we discussed the notice requirements of the KOMA as applied to the interim study committees. We concluded that the KOMA requires the giving of individual notice to any and all persons requesting it of all meetings of legislative interim committees, and the notice provided in the Kansas Register in itself does not necessarily fulfill the statutory notice obligations.
As we noted in our opinion no. 82-141, the legislature is free to provide an exemption from the requirements of the KOMA with regard to any of its committee meetings. This office is not at liberty to comment on the advisability of such exemptions as they are matters of public policy clearly within the legislative prerogative.
We find no house or senate rules which pertain to notice requirements. Therefore, the requirements under the KOMA apply to the conference committees. K.S.A. 75-4318(b) states:
 "Notice of the date, time and place of any regular or special meeting of a public body designated hereinabove shall be furnished to any person requesting such notice, . . ."
However, if nobody has requested notice of the conference committee meeting, there is no requirement under the KOMA to provide notice to the general public. Neither is there any requirement under the KOMA to publish notice of the meetings.
When the conference committee meeting is scheduled far enough in advance, then such notice must be given accordingly by either mail or telephone under the KOMA requirements to the individuals who have requested such notice. However, we understand that the conference committees usually meet whenever the senate and house recess. If the conference committees know when they can meet for the next time, they announce it at the end of their meeting, but otherwise, the notice customarily is given by announcement by microphone on the floor. Not only the conferees but also staff and lobbyists rely on that announcement of the meeting.
As a practical matter, it is impossible to schedule a meeting days in advance and give notice by mail if the conferees themselves do not know when they can next meet. It is reasonable to give an announcement notice by the microphone on the floor to the conferees and other individuals who have requested such notice, when the meeting will be held in a few minutes. Attorney General Opinion No. 81-15.
Only "meetings" under the KOMA require notice. Three elements must be present in order for a gathering to be a meeting: 1) a gathering must be prearranged, 2) it must include the majority of a quorum, and 3) be for the purpose of discussing business or affairs of the body. K.S.A. 75-4317a.
Joint rule 3(d) further states:
 "All initial conference committee reports other than an agreement to disagree coupled with a request that a new conference committee be appointed shall be signed by all of the conferees. All initial conference committee reports which are an agreement to disagree coupled with a request that a new conference committee be appointed shall be signed by a majority of the conferees appointed in each house. All other conference committee reports shall be signed by a majority of the conferees appointed in each house."
It is important to note that the joint rules require signatures of all conferees or a majority of the conferees in each house. In other words, the approval of members to a report is signified by their signatures on it, not by their vote in the open meeting. There is no voting required to reach a decision in the open meeting according to the joint rule.
In Attorney General Opinion No. 79-200, we stated that chance encounters of members of any government board, commission, or council will not constitute a "meeting" subject to the requirements of the open meetings act. We are mindful of the fact that under the circumstances it is hard to distinguish chance encounters from the prearranged meetings when the prearrangement may occur only a few seconds before the meeting.
Ordinarily, the majority of a quorum (the number necessary to take action) of a 6 member body is 3. However, it is stated:
 "In addition, proof of the majority of a quorum element necessarily requires evidence of the legal composition of the governmental body as well as the number of members necessary to constitute a quorum. The number of members of a body necessary for a quorum varies depending on the size of the body and the rules by which it operates."
According to joint rule 3, signatures of all 6 members are required when an initial report is other than an agreement to disagree coupled with a request that a new conference committee be appointed. Under this fact situation, the number of members required to take action is 6, and so 6 members must be present to constitute a meeting. When the report is an agreement to disagree coupled with a request for a new conference committee, then 2 house member conferees and 2 senate member conferees must sign it. In this circumstance, the number of members required to take action is 2 house members and 2 senate members.
We decline to address every possible hypothetical situation which might arise in the application of the KOMA to conference committee meetings. It is sufficient to conclude that the KOMA applies to the conference committee meetings and, when such meetings take place, the appropriate notice under the circumstances must be given to any person requesting such notice.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:NKF:bas